■ EMMA H. JOHNSON, Respondent, v. BOINE T. JOHNSON, Appellant.— In an action for a separation, defendant appeals from an order directing the sequestration of his property and the appointement of a receiver, and awarding counsel fees to the plaintiff. Order affirmed, with $10 costs and disbursements. Plaintiff obtained a judgment against defendant for a separation, in this State, in which an award was made for her support and that of her minor children.

Eleven days later, defendant filed suit against the plaintiff, in Florida, for an absolute divorce. This plaintiff appeared and answered in the Florida suit, interposing a counterclaim for a separation based on substantially the same facts alleged in the New York action. After a trial, the Florida court awarded counsel fees to this plaintiff's attorneys together with costs, dismissed the complaint and reserved jurisdiction of the cause pending payment of the costs and attorneys' fees. The decree contains no adjudication with respect to the counterclaim. Upon the entry of said decree, defendant ceased paying alimony under the New York judgment. He claims that when plaintiff submitted herself to the jurisdiction of the Florida court, and there obtained affirmative relief, she lost her right to enforce the New York judgment and elected to seek her relief in the Florida courts. It does not appear from the record that this plaintiff was awarded any affirmative relief in the Florida court, other than counsel fee and costs in that suit. Since her husband's action for a divorce was dismissed, the marital status of the parties was not terminated. The parties remain husband and wife, and the separation decree in this State, including the husband's obligation for support therein determined, continues in full force and effect. It was within the discretion of the Special Term to direct sequestration of the property of the defendant (Civ. Prac. Act, § 1171) and to award a counsel fee. Upon all the facts in this record that discretion was not improvidently exercised. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.